NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0605n.06

No. 19-3230

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 09, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JAMES BUTLER, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GILMAN, KETHLEDGE, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. A jury convicted James Butler of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court determined that Butler was also an armed career criminal, based in part on a prior Ohio conviction for burglary. Butler now argues that the district court erred in that determination and when it denied his motion to suppress. We reject his arguments and affirm.

I.

In August 2017, James Butler walked into a gun store in Mansfield, Ohio. When the store's only employee turned his back, Butler grabbed a Walther 9mm pistol off the counter and stuffed it into his pants. The employee soon realized the gun was missing. Four days later, the store's owner reviewed surveillance footage that showed Butler taking the gun. The owner reported the theft to the police. Officer Joe Gladden responded, watched the video, and recognized Butler. Gladden wrote a report on the theft, naming Butler as a suspect.

The next morning, Sergeant Nathan Kilgore read Gladden's report.  Later that day, Kilgore responded to a report of a possible theft involving Butler at a gas station.  As Kilgore was driving to the gas station, he saw Butler, decided to follow in his cruiser, and called other officers for backup.  Eventually, Butler found himself in an alley between Kilgore's cruiser and another cruiser; then Kilgore parked in an apartment lot and exited his cruiser.

Kilgore told Butler to stay away from the gas station, and asked about the gun theft.  Butler denied stealing a gun.  Kilgore asked Butler whether he would like to speak to Gladden, who was the case officer for the gun theft.  Butler agreed, but said that he was worried about looking like a snitch.  Kilgore suggested that he put Butler in the cruiser, to make onlookers think Butler had been arrested; then the pair could drive someplace to talk.  Butler agreed, got into the backseat of the cruiser, and put his hands forward as if to be handcuffed.  In response, Kilgore said "you are not under arrest."  R. 74 PageID 390–91.

After Kilgore drove to a different location, he called Gladden and put him on speakerphone with Butler.  Gladden asked where the gun was; Butler said that he could get it but needed some time.  Gladden then privately told Kilgore to arrest Butler for felony theft.  Kilgore did so as soon as the call ended.

The government thereafter charged Butler with being a felon in possession of a firearm.  Butler moved to suppress his statements to the officers on the day of his arrest.  The district court held a hearing at which Butler testified that he was forced to enter the cruiser and to speak to Gladden.  But Kilgore testified that Butler willingly got into the cruiser to move to a different lot and then agreed to speak to Gladden.  The district court found "the officer's version more reasonable" and denied the motion.  R. 74 PageID 437.  A jury later convicted Butler on one count of being a felon in possession of a firearm.

At sentencing, the district court determined that Butler was subject to a 15-year mandatory-minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had three predicate convictions, including a 2006 burglary in Ohio. The court sentenced Butler to 15 years' imprisonment. This appeal followed.

II.

A.

Butler challenges the district court's denial of his motion to suppress. We review the district court's legal conclusions de novo and its findings of fact for clear error, viewing the evidence in the light most favorable to the court's decision. *See United States v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007).

Butler argues that the officers placed him in custody and questioned him without *Miranda* warnings. Police must give *Miranda* warnings only if a suspect is "in custody." *Stansbury v. California*, 511 U.S. 318, 322 (1994). The test for custody is objective: courts ask whether the police arrested the suspect or otherwise restricted his freedom of movement as though he were under arrest. *See United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009). To answer that question, courts look to all the circumstances surrounding the encounter, including its location, length, and whether a reasonable person in the suspect's position would have felt free to leave. *See id.*

Here, Kilgore questioned Butler outdoors, in public view. Butler agreed to talk to Gladden, but expressed a concern that onlookers would think he was a "snitch." To address that concern, Butler agreed to get into the cruiser and to drive to a less-visible lot. An encounter with police outside, or in an agreed-upon location, is usually less restrictive than an arrest—particularly where, as here, the suspect agrees to talk to the police. *See United States v. Salvo*, 133 F.3d 943, 951 (6th

Cir. 1998). Moreover, Kilgore refused to handcuff Butler and expressly told him he was not under arrest, which weighs against a finding that he was in custody. *See United States v. Swanson*, 341 F.3d 524, 530 (6th Cir. 2003). And the questioning here was short—less than 15 minutes. *See Panak*, 552 F.3d at 467. Under these circumstances, the police did not restrict Butler's freedom of movement as though he were under arrest.

Yet Butler says that he was in custody for two reasons. First, he was locked inside the cruiser while he spoke to Gladden. That is true enough, but Butler himself chose to be there: he agreed to get into the cruiser to address his own fear of being seen as a snitch. And when a suspect agrees to be questioned in a particular location, that too cuts against a finding that he is in custody. *See Salvo*, 133 F.3d at 951. Second, the officers did not affirmatively tell Butler that he could leave the cruiser or refuse to answer questions while he was there. On this record, however, that omission alone is not enough to convert a consensual encounter into a custodial one. *See Panak*, 552 F.3d at 467–68. The district court therefore did not err by denying the suppression motion.

B.

Butler argues that his Ohio conviction for burglary was not a "violent felony" under the Armed Career Criminal Act. We review the district court's determination de novo. *See Raines v. United States*, 898 F.3d 680, 686 (6th Cir. 2018).

Although the Act specifically lists "burglary" as a violent felony, 18 U.S.C. § 924(e)(2)(B)(ii), not every burglary under state law qualifies as a burglary under the Act. *See Taylor v. United States*, 495 U.S. 575, 590–92 (1990). Instead, we ask whether Butler's offense comports with the "generic, contemporary meaning" of burglary. *See id.* at 598. Burglary statutes that "focus upon circumstances where burglary is likely to present a serious risk of violence" are

more likely to fall within the scope of generic burglary. *United States v. Stitt*, 139 S. Ct. 399, 407 (2018).

The Ohio provision at issue here forbade "[t]respass in an occupied structure . . . that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." Ohio Rev. Code § 2911.12(A)(2). Another provision in turn defined "occupied structure" to include watercraft, aircraft, railroad cars, and tents, among other locations. *See id.* § 2909.01(C). Butler contends that definition is too broad to fall within the scope of generic burglary under the Act. But we have already rejected that same argument with respect to a materially identical burglary offense under Ohio law. *See Greer v. United States*, 938 F.3d 766, 771–72 (6th Cir. 2019). What matters, we held, is that the statute limited its reach to "instances where the risk of violence is the greatest." *Id.* at 777. Those same limits apply here. Thus, the district court correctly held that Butler's conviction under § 2911.12(A)(2) was a violent felony under the Armed Career Criminal Act.

\* \* \*

The district court's judgment is affirmed.